## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## FORT MYERS DIVISION

RAYVON L. BOATMAN,

     Plaintiff,

v.                                                                    Case No: 2:21-cv-61-SPC-MRM

DONALD SAWYER, MELINDA
MASTERS, EMILY SALEMA,
ELIZABETH PORFERT, KERI
FITZPATRICK, M. JOHNSON,
GEO CARE GROUP, INC., D.
RIDDLE, SEXUALLY VIOLENT
PREDATOR PROGRAM
DIRECTORS, BILLING,
COCHRAN, LYLES, MAURO &
RAMSEY, P.A., DCF and
WELLPATH RECOVERY
SOLUTIONS,

     Defendants.
_____/

## OPINION AND ORDER[1]

Before the Court is Plaintiff Rayvon Boatman's Motion to Proceed *In*

*Forma Pauperis* (Doc. 4), which triggers the Court's obligation to review the

Complaint to determine whether it is frivolous, malicious, or fails to state a

---

[1] Disclaimer: Documents hyperlinked to CM/ECF are subject to PACER fees.  By using hyperlinks, the Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide, nor does it have any agreements with them.  The Court is also not responsible for a hyperlink's availability and functionality, and a failed hyperlink does not affect this Order.

claim.  *See* 28 U.S.C. § 1915(e)(2)(B)(i)-(iii) (requiring district courts to screen cases *sua sponte* when plaintiffs wish to proceed *in forma pauperis*).

In determining the sufficiency of a *pro se* complaint, the Court must construe the allegations liberally.  *Erickson v. Pardus* 551 U.S. 89, 94 (2007). The Court must also accept the allegations as true.  *Boxer v. Harris*, 437 F.3d 1107, 1110 (11th Cir. 2006).  But the Court need not credit a *pro se* plaintiff's "naked assertions" or "legal conclusions."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

The standards that apply to a dismissal under Federal Rule of Civil Procedure 12(b)(6) apply to dismissal under § 1915.  *Alba v. Montford*, 517 F.3d 1249, 1252 (11th Cir. 2008).  A complaint is subject to dismissal for failure to state a claim if the facts as pled do not state a claim for relief that is plausible on its face.  *Bell Atlantic v. Twombly*, 550 U.S. 544, 556 (2007).  A claim is plausible where the plaintiff alleges facts that "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.  The plausibility standard requires that a plaintiff allege sufficient facts "to raise a reasonable expectation that discovery will reveal evidence" that supports the plaintiff's claim.  *Twombly*, 550 U.S. at 556. Specifically, although a complaint "does not need detailed factual allegations…a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation

of the elements of a cause of action will not do." *Id.* at 555 (citations omitted). Thus, "the-defendant-unlawfully-harmed-me accusation" is not enough. *Iqbal,* 556 U.S. at 678. "Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement." *Id.*

Boatman—a frequent filer in this Court—is detained at Florida Civil Commitment Center (FCCC) after a state court deemed him a sexually violent predator, and he sues a slew of people and entities associated with the FCCC. His Complaint is rife with confusing, general, and conclusory allegations. They seem to fit into two categories: (1) Boatman's clinical treatment is not progressing as quickly as he would like; and (2) another FCCC resident is stalking Boatman.

The Court finds dismissal of the Complaint appropriate under § 1915. The Complaint does not comply with Federal Rule of Civil Procedure 8, which requires "a short and plain statement of the claim showing that the pleader is entitled to relief[.]" The Complaint also fails to state a claim upon which relief can be granted. *See* Fed. R. Civ. P. 12(b)(6). Even reading the Complaint liberally, the Court cannot discern a plausible cause of action against any Defendant.

Accordingly, it is now

**ORDERED:**

Plaintiff Rayvon L. Boatman's Complaint (Doc. 1) is **DISMISSED**.  The

Clerk is **DIRECTED** to enter judgment, terminate all pending motions and

deadlines, and close the file.

**DONE** and **ORDERED** in Fort Myers, Florida on February 10, 2021.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

SA: FTMP-1

Copies:  All Parties of Record

4